UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN INCOME LIFE
INSURANCE COMPANY,

    Petitioner,

v.

MR FINANCIAL GROUP, LLC,

    Respondent.
_____/

Case No. 2:23-mc-51766

District Judge Paul D. Borman
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO GRANT PETITION TO ENFORCE COMPLIANCE WITH AMERICAN ARBITRATION ASSOCIATION SUBPOENA (ECF No. 1)[1]

I.    Introduction

This is a miscellaneous action to enforce a subpoena issued in a pending arbitration involving American Income Life Insurance Company (Petitioner). (ECF No. 1). On November 2, 2023, Arbitrator Donald Gasiorek (Arbitrator Gasiorek) issued a subpoena to non-party MR Financial Group, LLC (Respondent). (ECF No. 1-2). Petitioner says that Respondent has not complied with the subpoena and therefore filed this action seeking to enforce compliance.

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

The petition has been referred to the undersigned under 28 U.S.C. § 636(b)(3).[2] (ECF No. 3).

Respondent has filed a response to the petition, (ECF No. 6), Petitioner has filed a reply, (ECF No. 7), and the petition is ready for consideration. For the reasons that follow, the undersigned RECOMMENDS[3] granting the petition. If this recommendation is adopted, the district court should order Respondent to fully comply with the arbitrator's subpoena within seven (7) days of the adoption of this Report and Recommendation.

## II. Procedural Background

On December 27, 2023, Petitioner filed the instant petition. (ECF No. 1). Attached to the petition is a proof of service of the petition on Mohamad A. Raychouni (Raychouni), who Petitioner says is the sole member of Respondent.

---

[2] This section provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

[3] The Sixth Circuit has "not yet determined whether a section 7 enforcement action is " 'dispositive[.]' " *Symetra Life Ins. Co. v. Admin. Sys. Rsch. Corp., Int'l*, No. 21-2742, 2022 WL 16730542, at *4 (6th Cir. Nov. 7, 2022). Thus, there is no binding authority on whether a petition like the one at issue here can be resolved by a magistrate judge by order or if a magistrate judge must proceed by report and recommendation. Despite the lack of guidance, the undersigned is persuaded that proceeding by report and recommendation is appropriate here "because enforcement or refusal to enforce the arbitrator['s] subpoena in this case would dispose of the entire matter before the Court as the underlying action is not before the Court[.]" *Westlake Vinyls, Inc. v. Resolute Mgmt., Inc.*, No. 3:18-MC-00013-CHB-LLK, 2018 WL 4515997, at *1 (W.D. Ky. Aug. 21, 2018), *report and recommendation adopted*, 2018 WL 5306666 (W.D. Ky. Oct. 16, 2018).

(ECF No. 1-3, PageID.33).  Also, on January 10, 2024, Petitioner filed a Proof of Service and Affidavit of Process Server, confirming service of the petition via hand delivery to Raychouni on January 5, 2024.  (ECF No. 2).  On January 24, 2024, the matter was referred to the undersigned.  (ECF No. 3).

On January 29, 2024, the undersigned entered an order requiring Respondent to respond to the petition by February 19, 2024.  (ECF No. 4).  As of January 29, 2024, Respondent had neither filed a response nor had counsel filed an appearance.  The undersigned cautioned that "**if a response is not timely filed by this date, the petition will be deemed to be unopposed, and the undersigned will recommend that all requested relief be granted.**"  (*Id.*, PageID.37 (emphasis in original)).  Respondent was also reminded that corporations must be represented by counsel and could not proceed *pro se*.  (*Id.*).

On February 20, 2024, one day after Respondent's response to the petition was due, Amy Williamson (Williamson), an attorney alleging to be retained counsel for Respondent, contacted the Honorable Paul D. Borman's Chambers first by telephone and then by email regarding the response deadline.  (Williamson Emails, ECF No. 7-4, PageID.97).  Williamson noted that she was not admitted in this district and needed additional time to file a response on behalf of Respondent.  (*Id.*).  She requested an extension to March 5, 2024.  (*Id.*).

Later the same day, counsel for Petitioner contacted the undersigned's

3

Chambers via email.  Counsel requested that Respondent not be given an extension and in the alternative that "(1) any such filing be made promptly; and (2) that [Petitioner] be afforded an opportunity to respond."

The next day, on February 21, 2024, the undersigned entered an order giving Respondent a brief extension.  (ECF No. 5).  Respondent was directed to have an attorney enter an appearance on its behalf and file a response by February 29, 2024.  (*Id.*, PageID.41).  Petitioner was given until March 5, 2024, to file a reply.  (*Id.*).

On February 28, 2024, Respondent filed a response thereby partially complying with the February 21, 2024 Order.  (ECF No. 6).  Local counsel for Respondent, Corinne S. Rockoff (Rockoff), failed to file an appearance by the February 29, 2024 deadline and as required under Eastern District of Michigan Local Rule 83.25(a).[4]  Rockoff eventually filed an appearance on March 6, 2024.  (ECF No. 8).

On March 5, 2024, Petitioner filed a timely reply.  (ECF No. 7).

---

[4] This rule provides, "[a]n attorney must appear before representing a person or a party, except for practice permitted under LR 83.20(i)(1)(D).  An attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance.  The attorney's office address, e-mail address, and telephone number must be included in the appearance.  Attorneys seeking to appear for purposes of providing limited legal representation must also comply with LR 83.25(b) and (c)."

4

### III.   The Parties' Positions

In the petition, Petitioner explains that it is an insurance provider and Respondent is a limited liability company whose sole member is Raychouni. (ECF No. 1, PageID.1-2). Petitioner is currently engaged in arbitration "against Carl Gretz and Valentino Kalaj seeking monetary damages and injunctive relief for misappropriation of [Petitioner's] confidential information and trade secrets and breaches of their contracts with [Petitioner]." (*Id.*, PageID.3). Petitioner "reasonably believes" that Respondent has "documents and information relevant to the claims and issues in the [a]rbitration." (*Id.*, PageID.4). It asserts that Raychouni "has done business with [Carl Gretz and Valentino Kalaj] in connection with their misappropriation of [Petitioner's] confidential information and trade secrets and breaches of their contracts with [Petitioner] which are the subject of the allegations in the [a]rbitration." (*Id.*). As such, on or around November 2, 2023, Arbitrator Gasiorek issued a subpoena to Respondent under 9 U.S.C. § 7. (*Id.*, PageID.3-4).

On November 10, 2023, Petitioner had Raychouni personally served with the subpoena in Michigan. (*Id.*, PageID.4). As of December 27, 2023, Raychouni had not responded to nor objected to the subpoena. (*Id.*). Petitioner therefore asks that the petition be granted, and Respondent ordered to comply with the subpoena.

In opposition, Respondent argues that because Petitioner has submitted no

5

evidence that it properly served the arbitrator's subpoena on Respondent, the petition should be denied. (ECF No. 6, PageID.44). Moreover, Respondent asserts that the petition is now moot because it is now complying with the subpoena. (*Id.*).

In reply, Petitioner reasserts that the subpoena was properly served on Respondent via personal service of Raychouni and provides supporting evidence of proper service. (ECF No. 7, PageID.52-54). Additionally, Petitioner argues that it is too late for Respondent to raise any objections to the subpoena and therefore all objections are waived. (*Id.*, PageID.54-57).

IV. Discussion

A. Legal Standard

Under 9 U.S.C. § 7, an arbitrator "may issue a subpoena that is subject to enforcement by the district court." *Int'l Union of Painters & Allied Trades, Dist. Council 91 v. Clearview Glass & Glazing*, No. 3:20-mc-00021, 2020 WL 7260934, at *2 (M.D. Tenn. Dec. 10, 2020). "The Sixth Circuit has clearly stated that courts play only a limited role when asked to review the decision of an arbitrator. That limited role extends to review of an arbitrator's decision to issue a subpoena." *Id.* (internal quotation marks and citations omitted).

B. Analysis

1. Service

Respondent correctly notes that a subpoena must be properly served to be

enforceable. "The [Federal Arbitration Act] provides that arbitration subpoenas must be served 'in the same manner as subpoenas to appear and testify before the court.'" *e-Merging Mkt. Techs., LLC v. ELK Auto. Components*, No. 08–15150, 2011 WL 3440470, at *2 (E.D. Mich. Aug. 8, 2011) (quoting 9 U.S.C. § 7). Federal Rule of Civil Procedure 45(b)(1) requires personal service, meaning that a copy of the subpoena must be delivered to the named person.

At this time, the Court has been presented with two pieces of evidence in support of proper service and one piece of evidence in opposition. Process server Kevin Sperry (Sperry) has completed both a declaration and proof of service form indicating that he personally served Raychouni. (Sperry Declaration, ECF No. 7-2, PageID.62-63; Proof of Service, ECF No. 7-2, PageID.90). In his declaration, Sperry states that he handed the subpoena to Raychouni on November 10, 2023, at around 12:19 p.m. (ECF No. 7-2, PageID.62). He also explains that the reference to a "summons and complaint" on the proof of service form that Respondent finds objectionable is preprinted on the commonly used form issued by the Michigan State Court Administrative Office. (*Id.*, PageID.63 (referencing Proof of Service, ECF No. 7-2, PageID.90)). Even though he used this form referencing a "summons and complaint," Sperry says that he actually served the arbitrator's subpoena. (*Id.*). On the other hand, Raychouni says that he was never personally served with the subpoena. (Raychouni Declaration, ECF No. 6-2, PageID.42).

7

"A process server['s] affidavit of service establishes a prima facie case of the account of the method of service and establishes a presumption of proper service." *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07–cv–00495, 2009 WL 467066, at *4 (S.D. Ohio Feb. 24, 2009) (internal quotation marks and citations omitted). Moreover, while Raychouni's declaration "is evidence that he received no actual notice[,]" "[t]he self-serving affidavit of [an individual] denying service is not always sufficient to counter valid proof of service." *Fifth Third Bank v. Mytelka*, No. 04–271–C, 2009 WL 2046849, at *4 (W.D. Ky. July 10, 2009) (collecting cases).

Here, Sperry swears that he personally served Raychouni at his home address: 613 Bedford Dr. Westland, MI 48185. (ECF No. 7-2, PageID.61). This is the same address to which the Court mailed a copy of its Order Requiring a Response to the Petition, which Williamson states in an email that Raychouni gave to her. (ECF No. 7-4, PageID.97). Given that Sperry swears to have personally served Raychouni at the same address at which Raychouni received mail from the Court, the undersigned is satisfied that Petitioner properly effectuated service of the subpoena on Respondent via Sperry's personal service of Raychouni.

2. Mootness and Waiver

Respondent further argues that this matter is moot because it now intends to respond to the subpoena. However, as Petitioner notes, Respondent does not

8

provide a timeframe for this response and indicates that it plans to file objections. Given Respondent's lack of timeframe and the possibility of objections at some unknown point, the petition is not moot and is in fact ripe for adjudication.

As to waiver, Petitioner correctly points out that Respondent has had ample opportunity to object to the subpoena. Respondent was served with the subpoena almost four months ago and during that time has essentially ignored the subpoena. It was not until Petitioner filed this action that Respondent took notice and now says it will object. By failing to respond to the subpoena, Respondent has waived all objections. *See Wagle v. Corizon*, 2:19-cv-13787, 2022 WL 16935215, at *2 (E.D. Mich. Nov. 14, 2022) (holding that by failing "to raise objections in a timely manner, the [subpoenaed party] has waived its right to challenge the subpoena"); *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-cv-14777, 2013 WL 1898374, at *5 (E.D. Mich. May 7, 2013) ("[F]ailure to object to a lawfully issued subpoena constitutes waiver of untimely objections.").

Moreover, as explained in Petitioner's reply brief:

> [C]ounsel for [Petitioner] sent a copy of the [s]ubpoena to Mark Rossman [(Rossman)], then-counsel for Valentino Kalaj [(Kalaj)] and Carl Gretz [(Gretz)] in the [a]rbitration, on October 27, 2023, for an opportunity to object before the [s]ubpoena was issued. Rossman also represented Raychouni at the time [Petitioner] sent him the [s]ubpoena for review and objection, as [ ] Williamson acknowledged in her February 19, 2024 email to [Petitioner's] counsel, which was attached to her February 20, 2024 email to the Court. Rossman stated that he did not object to the [s]ubpoena. When Rossman suddenly withdrew as Kalaj and Gretz's counsel on November 6, 2023, he for the first time

> indicated that he no longer represented Raychouni in any matter relating to [Petitioner], thus defeating [ ] Williamson's suggestion in her email that [Petitioner] should have "revisited" the [s]ubpoena with Rossman. Regardless, counsel had ample opportunity to object to the [s]ubpoena while he represented Raychouni, and he stated that he had no objections. And the fact that Rossman did not object to the [s]ubpoena on behalf of Kalaj and Gretz, his clients in the [a]rbitration, reinforces that the documents sought are relevant and material to the issues in the [a]rbitration.

(ECF No. 7, PageID.54-55 (internal record citations omitted)).

### 3. The Merits

Additionally, even if Respondent had filed objections, it is unlikely that the Court would consider them. As one court has explained:

> The general rule is that, when individuals have moved to quash an arbitrators' subpoena or have objected to enforcement of an arbitrators' subpoena on grounds of immateriality of the evidence sought, attorney-client privilege, or confidentiality, courts have denied these motions or objections on the basis that the determination of these matters in the first instance is left to the arbitrators.

*Westlake Vinyls, Inc. v. Resolute Mgmt., Inc.*, No. 3:18-MC-00013-CHB-LLK, 2018 WL 4515997, at *1 (W.D. Ky. Aug. 21, 2018), *report and recommendation adopted*, 2018 WL 5306666 (W.D. Ky. Oct. 16, 2018) (quoting A Model Federal Arbitration Summons To Testify And Present Documentary Evidence At An Arbitration Hearing, 26 American Review of International Arbitration 157, 174 (2015)) (internal footnote omitted).

Indeed, the subpoena at issue here states that "[a]ny application by you to challenge or modify this SUMMONS in whole or in part should be addressed to

10

the Arbitral Tribunal in writing, with copies to counsel for the parties[.]" (ECF No. 1-2, PageID.10).  Respondent has failed to raise any challenges or requests for modifications to Arbitrator Gasiorek.  Respondent has also not presented any substantive objections to this Court.  Accordingly, Respondent should not be given another opportunity to object to any requests contained in the subpoena; instead, Respondent should be ordered to fully comply with the arbitrator's subpoena.

V.     Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the petition be GRANTED.  If this recommendation is adopted, the district court should order Respondent to fully comply with the arbitrator's subpoena within seven (7) days of the adoption of this Report and Recommendation.

Dated: March 11, 2024                          s/Kimberly G. Altman  
Detroit, Michigan                               KIMBERLY G. ALTMAN  
                                                   United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

11

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2024.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager
