UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN INCOME LIFE
INSURANCE COMPANY,

              Petitioner,

v.

MR FINANCIAL GROUP, LLC,

              Respondent.

_____/

Case No. 23-mc-51766

Paul D. Borman
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE KIMBERLY G. ALTMAN'S
MARCH 11, 2024 REPORT AND RECOMMENDATION
(ECF NO. 11);
(2) OVERRULING RESPONDENT MR FINANCIAL GROUP, LLC'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION
(ECF NO. 12); AND
(3) GRANTING PETITIONER'S PETITION TO ENFORCE
COMPLIANCE WITH AMERICAN ARBITRATION ASSOCIATION
SUBPOENA (ECF NO. 1)**

On March 11, 2024, Magistrate Judge Kimberly G. Altman issued a Report

and Recommendation to Grant Petition to Enforce Compliance with American

Arbitration Association Subpoena. (ECF No. 11, Report and Recommendation

(R&R).) Respondent MR Financial Group, LLC filed Objections to Magistrate

Judge Altman's Report and Recommendation. (ECF No. 12, Resp. Obj.) Petitioner

American Income Life Insurance Company filed a Response in opposition. (ECF

No. 12.) Respondent then filed a Notice of Supplemental Authority (ECF No. 15),

to which Petitioner filed a Response. (ECF No. 16.) Because the Court does not believe that oral argument will aid in its disposition of this matter, it will resolve this matter on the briefs in accordance with Eastern District of Michigan Local Rule 7.1(f)(2).

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the March 11, 2024 Report and Recommendation to which specific and timely objections have been filed, OVERRULES Respondent's Objections, ADOPTS the March 11, 2024 Report and Recommendation, and GRANTS the Petition to Enforce Compliance with American Arbitration Association Subpoena.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, Petitioner American Income Life Insurance Company filed Demands for Arbitration against Carl Gretz and Valentino Kalaj seeking monetary damages and injunctive relief for misappropriation of Petitioner's confidential information and trade secrets and breaches of their contracts. (ECF No. 1, Petition, PageID.3.) Petitioner "reasonably believes" that Respondent MR Financial Group, LLC has "documents and information relevant to the claims and issues in the [a]rbitration." (*Id.* PageID.4.) Petitioner asserts that Respondent, whose sole member is Mohamad Raychouni, "has done business with [Carl Gretz and Valentino Kalaj] in connection with their misappropriation of [Petitioner's] confidential information

and trade secrets and breaches of their contracts with [Petitioner] which are the subject of the allegations in the [a]rbitration." (*Id.*)

Accordingly, on or about November 2, 2023, Arbitrator Donald Gasiorek issued a Subpoena to MR Financial Group, LLC (Respondent), a non-party to the Arbitration. (ECF No. 1-2, Subpoena.) Petitioner asserts that Respondent MR Financial Group, LLC was properly personally served with the Subpoena on November 10, 2023, but it has not complied or otherwise responded to the Subpoena.

Accordingly, Petitioner filed this action against Respondent on December 27, 2023, seeking to enforce compliance with the Subpoena. (ECF No. 1, Petition.) Attached to the Petition is a proof of service of the Subpoena on Raychouni, the sole member of Respondent, on November 10, 2023. (ECF No. 1-3, Proof of Service, PageID.33.) Also, on January 10, 2024, Petitioner filed a Proof of Service and Affidavit of Process Server, confirming service of the Petition via hand delivery to Raychouni on January 5, 2024, which included a copy of the Subpoena as an attachment. (ECF No. 2).

This matter was referred to Magistrate Judge Kimberly G. Altman (ECF No. 3), who entered an order requiring Respondent to respond to the Petition by February 19, 2024. (ECF No. 4, Order.) The Order cautioned that "**if a response is not timely filed by this date, the petition will be deemed to be unopposed, and the undersigned will recommend that all requested relief be granted.**" (*Id.*

3

PageID.37 (emphasis in original).) Respondent was also reminded that corporations must be represented by counsel and could not proceed *pro se*. (*Id.*)

Respondent did not file a response by February 19, 2024. Instead, on February 20, 2024, one day after Respondent's response to the Petition was due, Amy Williamson, an attorney alleging to be retained counsel for Respondent, contacted this Court's chambers first by telephone and then by email regarding the response deadline. (ECF No. 7-4, Williamson Emails, PageID.97.) Williamson noted that she was not admitted in this district and needed additional time to file a response on behalf of Respondent. (*Id.*) She requested an extension to March 5, 2024. (*Id.*) Later that same day, counsel for Petitioner contacted the Magistrate Judge's Chambers via email, requesting that Respondent not be given an extension and in the alternative that "(1) any such filing be made promptly; and (2) that [Petitioner] be afforded an opportunity to respond." (ECF No. 5, PageID.40-41.)

The next day, on February 21, 2024, Magistrate Judge Altman entered an order giving Respondent a brief extension. (ECF No. 5.) Respondent was directed to have an attorney enter an appearance on its behalf and file a response by February 29, 2024. (*Id.* PageID.41.) Petitioner was given until March 5, 2024, to file a reply. (*Id.*)

On February 28, 2024, Respondent filed a Response to the Petition, (ECF No. 6), and local counsel for Respondent, Corinne S. Rockoff, eventually filed an

appearance on March 6, 2024. (ECF No. 8.) Respondent attached a declaration to its Response from Raychouni stating that he was never personally served with the Subpoena. (ECF No. 6-2, Raychouni Decl., PageID.42.) Respondent further contends in its Response that it "has agreed to comply with the Subpoena now that it has received it" and the Court should therefore deny the Petition as moot.

On March 5, 2024, Petitioner filed a timely Reply brief in support of its Petition. (ECF No. 7.) Petitioner attached as an exhibit to the Reply the declaration of the process server, Kevin Sperry, in which he states that he handed the Subpoena to Raychouni at his home address of 613 Bedford Dr. Westland, MI 48185, on November 10, 2023, at around 12:19 p.m. (ECF No. 7-2, Sperry Decl., PageID.62.) Sperry provided a photograph of the house where service occurred. He also explains that the reference to a "summons and complaint" on the proof of service form is preprinted on the commonly used form issued by the Michigan State Court Administrative Office, but that he actually served the Arbitrator's Subpoena. (*Id.* PageID.63.) Sperry further averred that he served the Petition in this case, with the Subpoena attached as an exhibit, on Raychouni at his home address of 613 Bedford Dr. Westland, MI 48185, on January 5, 2024, at around 12:10 p.m. (*Id.* PageID.63.) Sperry again provided a photograph of the house where service occurred that day. (*Id.*)

5

On March 11, 2024, Magistrate Judge Altman issued her Report and Recommendation (R&R) to Grant Petitioner's Petition to Enforce Compliance with AAA Subpoena Duces Tecum. (ECF No. 11, R&R.) Magistrate Judge Altman found in her R&R that Petitioner properly effectuated service of the Subpoena on Respondent by personal service on November 10, 2023, and that Raychouni's general denial of service did not rebut the presumption of proper service. The R&R further found that the Petition was not moot, despite Respondent's contentions that it would respond to the Subpoena. Further, by failing to respond to the Subpoena, the R&R determined that Respondent has waived all objections to it. Magistrate Judge Altman further found that, even if Respondent had filed objections to the Subpoena, it is unlikely that the Court would consider them, as the determination of such matters in the first instance is left to the arbitrator. Magistrate Judge Altman thus recommended that the Petition be granted, and that Respondent be ordered to fully comply with the Arbitrator's Subpoena within seven (7) days of the Court's adoption of the Report and Recommendation.

Respondent filed timely Objections to the Report and Recommendation, asserting five objections. (ECF No. 12.) Respondent asserts that the Magistrate Judge erred when she found that: (1) Petitioner properly effected service of the Subpoena on Respondent; (2) the Petition is not mooted by Respondent's proposed production of responsive documents; (3) Respondent has waived all objections to

the Subpoena by failing to timely respond to it; (4) Respondent should be ordered to fully comply with the Subpoena; and (5) Respondent should be ordered to fully comply with the Arbitrator's Subpoena within seven days.

Petitioner filed a Response in opposition to Respondent's Objections. (ECF No. 14, Pet. Resp.) Petitioner argues that Respondent's Objection Nos. 1, 3, 4 and 5 should be rejected because the Magistrate Judge properly found that Petitioner established proof of service of the Subpoena on Respondent on November 10, 2023. Petitioner further argues that Objection Nos. 2 and 5 should be rejected because Respondent in fact has not produced any responsive documents and has expressed no desire to do so.

On April 12, 2024, Respondent filed a Notice of Supplemental Authority. (ECF No. 15, Resp. Notice.) Respondent submits a decision by another Magistrate Judge in another case, *American Income Life Ins. Co. v. FFL Onyx, LLC*, No. 23-mc-51767, in which the Magistrate Judge held that the Federal Arbitration Act (FAA), 9 U.S.C. § 7, does not allow the Court to enforce the Subpoena.

Petitioner filed a Response in opposition to Respondent's Notice on April 17, 2024. (ECF No. 16, Pet. Resp.) Petitioner argues that the Court should reject the supplemental notice because it raises new issues and Respondent cannot raise before this Court new arguments or issues that were not first presented before Magistrate

Judge Altman. Petitioner further argues that that one district court need not follow the opinions of other courts in this district.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec*., 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004) (citing Fed. R. Civ. P. 72(b)). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-

cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Finally, parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States,* 200 F.3d 895, 901 n. 1 (6th Cir. 2000).

## III.   ANALYSIS

### A. Respondent's Objections to Magistrate Judge Altman's Report and Recommendation

Respondent asserts five objections to Magistrate Judge Altman's Report and Recommendation.

#### 1.   Objection No. 1

Respondent objects to the Report and Recommendation's determination that "[g]iven that Sperry swears to have personally served Raychouni at the same address at which Raychouni received mail from the Court, the undersigned is satisfied that Petitioner properly effectuated service of the subpoena on Respondent via Sperry's personal service of Raychouni." (ECF No. 12, Resp. Obj., PageID.139-40, citing ECF No. 11, R&R, PageID.134.)

In her R&R, Magistrate Judge Altman noted that Petitioner has presented the Court with two pieces of evidence in support of proper service of the Subpoena on Respondent. Process server Kevin Sperry has completed both a declaration and a proof of service form indicating that he personally served the Subpoena on Raychouni at his home address: 613 Bedford Dr. Westland, MI 48185, on November 10, 2023. (ECF No. 7-2, Sperry Decl., PageID.61-63; Proof of Service, PageID.90.) Sperry declares that he handed the Subpoena to Raychouni on November 10, 2023, at around 12:19 p.m. (ECF No. 7-2, Sperry Decl., PageID.62.) Sperry also explains that the reference to a "summons and complaint" on the proof of service form that Respondent finds objectionable is preprinted on the commonly used form issued by the Michigan State Court Administrative Office. (*Id.* PageID.63 (referencing Proof of Service, ECF No. 7-2, PageID.90).) Even though he used this form referencing a "summons and complaint," Sperry says that he actually served the Arbitrator's Subpoena. (*Id.*) Magistrate Judge Altman stated that "'[a] process server['s] affidavit of service establishes a prima facie case of the account of the method of service and establishes a presumption of proper service.'" (ECF No. 11, R&R, PageID.134, quoting *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, 2009 WL 467066, at *4 (S.D. Ohio Feb. 24, 2009) (internal quotation marks and citations omitted).)

10

Respondent had offered in its response to the Petition Raychouni's declaration that "[b]efore the commencement of this action, no one personally delivered to me the subpoena from American Income Life Insurance Company addressed to MRF that has been filed as an exhibit to the Petition in this action[.]" (ECF No. 6-2, Raychouni Decl., PageID.48.) Magistrate Judge Altman found that while Raychouni's declaration "is evidence that he received no actual notice[,]" "[t]he self-serving affidavit of [an individual] denying service is not always sufficient to counter valid proof of service." (ECF No. 11, R&R, PageID.134, citing *Fifth Third Bank v. Mytelka*, No. 04–271–C, 2009 WL 2046849, at *4 (W.D. Ky. July 10, 2009) (collecting cases).) Magistrate Judge Altman then concluded that given that Sperry swears to have personally served Raychouni at the same address at which Raychouni received mail from the Court, which Respondent admittedly received, that she is satisfied that Petitioner properly effectuated service of the Subpoena on Respondent via Sperry's personal service of Raychouni. (*Id.*)

"Courts have held that an affidavit of a 'process server creates a presumption that Defendant was served with the summons and complaint.'" *United States v. McGowan*, No. 2:21-cv-10624, 2021 WL 8315844, at *4 (E.D. Mich. Dec. 13, 2021) (collecting cases). "[Respondent] must produce 'strong and convincing evidence to rebut the presumption that the [Petitioner] properly effected service of the [Subpoena]." *Id.* (citing *Relational, LLC v. Hodges*, 627 F.3d 668, 672-73 (7th Cir.

11

2010)); *see also Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1995) (stating that returns of service are prima facie evidence of valid service and thus import a verity "which can only be overcome by strong and convincing evidence").

Upon review of the parties' submissions, the Court agrees with Magistrate Judge Altman and finds that Raychouni's bare, self-serving allegation in his declaration that "no one personally delivered to me the subpoena" does not constitute "strong and convincing evidence" to rebut the presumption that he was properly served. *See Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1018 (E.D. Mich. 2002) ("[B]are allegations, without more, are insufficient to establish that service was improperly effected" in light of plaintiff's "detailed and credible account of what transpired."); *McGowan*, 2021 WL 8315844, at *4-5 ("McGowan's affidavit does not state any specific facts, such as where she was at the time that service was effected, or that the description of her in the process server's affidavit is inaccurate or erroneous in any way," and "instead summarily denies being 'personally' served which courts have found to be insufficient."). In light of Petitioner's detailed account of service, Respondent was required to set forth specific circumstances in the declaration which would call into question the issue of service. *See Trustees of Loc. Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989) ("Holding that an affidavit merely denying service, without more, is sufficient, would be totally contrary to the presumption that

a return of service is prima facie evidence of service, and would thereby render the return of service all but meaningless."); *see, e.g.*, *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015) (finding "strong and convincing evidence" where "defendant presented employment records indicating that, on the alleged day of service, he was supposed to be working at a location different from the location of service," and "[h]e also provided an affidavit asserting that he was in fact working at this different location."). "[O]bjections to service must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *In re Brackett*, 243 B.R. 910, 915 (Bankr. N.D. Ga. 2000) (quoting *People of the State of New York v. Operation Rescue Nat'l*, 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999)). Respondent has failed to present any such evidence.

Petitioner submitted to the Court the return of service of the Subpoena on Raychouni, and the process server, Sperry, has filed a detailed declaration stating that he personally served Raychouni with the Subpoena and including photographs of the home where service was made, 613 Bedford Dr., Westland, MI 48185, showing 2 vehicles parked in the driveway. (ECF No. 7-2, Sperry Decl., PageID.61-62.) Raychouni does not dispute that the address listed on the certificate of service is his home address and does not assert that he was not home at the date and time of the service, or that he is not authorized to accept service on behalf of Respondent. Sperry also avers that he personally served a copy of the Petition to Enforce

Compliance with the AAA Subpoena Duces Tecum, with the Subpoena attached as an exhibit, on Raychouni at the same house and he provides another photo of the house that day. (*Id.* PageID.63.) The Court finds that Respondent's "bare allegation" denying service is insufficient to overcome the presumption of proper service created by the return of service and Sperry's detailed declaration. *See Joe Hand Promotions, Inc. v. Abrell*, No. 1:10-cv-0450, 2011 WL 2066815, at *2 (S.D. Ind. May 25, 2011) ("Through its return of service, and subsequent affidavit, Plaintiff has made more than a sufficient showing of valid service" and "Defendant's sole contention [] that he never received a copy of the Complaint and Summons" "fails to meet the threshold necessary to rebut the presumption of valid service."); *cf. Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004) ("[A] bare, uncorroborated, self-serving denial of receipt, even if sworn, is weak evidence. Nothing is simpler than submitting an affidavit in which one attests that one didn't receive a particular piece of mail.") (internal citation omitted).

The single case Respondent cites to in its objection, *Old Republic Insurance Company v. Pacific Financial Services of America, Inc.*, 301 F.3d 54 (2d Cir. 2002), supports the Court's finding here that Respondent has failed to rebut the presumption of service. *See Old Republic Ins. Co.*, 301 F.3d at 57-58 (stating that the defendant failed to rebut the presumption of proper service where it "fails to swear to 'specific facts to rebut the statements in the process server's affidavit.'") (citation omitted).

As Petitioner points out in its Response to Respondent's Objections to the R&R, Respondent's "position that an affidavit merely denying service, without more, is sufficient, would be 'totally contrary to the presumption that a return of service is prima facie evidence of service, and would thereby render the return of service all but meaningless.'" (ECF No. 14, Pet. Resp., PageID.152, quoting *Trustees of Loc. Union No. 727 Pension Fund*, 126 F.R.D. at 52.) Here, Respondent has failed to swear to specific facts to rebut the statements in the process server's declaration and thus fails to rebut the presumption of proper service of the Subpoena in this case.

In addition, as Magistrate Judge Altman states in her R&R, the Court mailed a copy of its Order Requiring a Response to the Petition to Respondent to the same 613 Bedford Dr. address, and Respondent admits to receiving a copy of that Order. (ECF No. 11, R&R, PageID.134.) *See Tonge v. Arantee Grp., LLC*, No. 1:12-cv-00570, 2015 WL 566784, at *7 (S.D. Ind. Feb. 11, 2015) (noting, in further support of its finding that the defendant was personally served, that the court mailed multiple entries to defendant's registered agent at the same address the process server attested he personally served the registered agent, and the mailings were not returned to the Court for any inability to deliver them).

Accordingly, the Court finds that Respondent was properly served with the Subpoena on November 10, 2023, and Respondent's Objection No. 1 is overruled.

### 2.  Objection No. 2

Respondent next objects to the Magistrate Judge's determination that "[g]iven Respondent's lack of timeframe [for responding to the Subpoena] and the possibility of objections at some unknown point, the petition is not moot and is in fact ripe for adjudication." (ECF No. 12, Resp. Obj., PageID.140-41, citing ECF No. 11, R&R, PageID.135.) Respondent asserts that "[a]s of the date of service of these Objections, Petitioner is in receipt of both i) Respondent's records produced in response to the Subpoena, and ii) Respondent's written objections to certain requests for records made within the [S]ubpoena." (*Id.*)

Petitioner, however, responds that these statements are "blatantly false," and that Respondent in fact still has not produced a single document in response to the Subpoena. (ECF No. 14, Pet. Resp., PageID.154-56.) Petitioner explains that Respondent instead sent Petitioner a two-page letter "to respond to the [Subpoena]" which asserts "boilerplate objections" only – that "the requests are overly broad and burdensome." (*Id.* citing ECF No. 14-1, 3/25/24 Williamson Letter, PageID.161-62.) The letter further states "[i]n the alternative, [Respondent] is not in possession or control of any such documents." (ECF No. 14-1, 3/25/24 Williamson Letter, PageID.161-62.)

The Court agrees that the Petition is not moot given Respondent's failure to respond in full to the Subpoena, and Respondent's Objection No. 2 is overruled.

16

### 3.  Objection No. 3

Respondent next objects to the Magistrate Judge's determination that "[b]y failing to respond to the subpoena, Respondent has waived all objections." (ECF No. 12, Resp. Obj., PageID.141, citing ECF No. 11, R&R, PageID.135.) Respondent argues that it was not obligated to respond to the Subpoena because it was not properly served with it. (*Id.*)

However, as the Court has found *supra* that Respondent was properly served with the Subpoena on November 10, 2023, this Objection is overruled. The R&R correctly states that by failing to respond to the Subpoena, Respondent has waived all objections. *See Wagle v. Corizon*, 2:19-cv-13787, 2022 WL 16935215, at *2 (E.D. Mich. Nov. 14, 2022) (holding that by failing "to raise objections in a timely manner, the [subpoenaed party] has waived its right to challenge the subpoena"); *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-cv-14777, 2013 WL 1898374, at *5 (E.D. Mich. May 7, 2013) ("[F]ailure to object to a lawfully issued subpoena constitutes waiver of untimely objections.").

The R&R further notes:

Moreover, as explained in Petitioner's reply brief:

[C]ounsel for [Petitioner] sent a copy of the [s]ubpoena to Mark Rossman [(Rossman)], then-counsel for Valentino Kalaj [(Kalaj)] and Carl Gretz [(Gretz)] in the [a]rbitration, on October 27, 2023, for an opportunity to object before the [s]ubpoena was issued. Rossman also represented Raychouni at the time [Petitioner] sent him the [s]ubpoena

17

for review and objection, as [ ] Williamson acknowledged in her February 19, 2024 email to [Petitioner's] counsel, which was attached to her February 20, 2024 email to the Court. Rossman stated that he did not object to the [s]ubpoena. When Rossman suddenly withdrew as Kalaj and Gretz's counsel on November 6, 2023, he for the first time indicated that he no longer represented Raychouni in any matter relating to [Petitioner], thus defeating [ ] Williamson's suggestion in her email that [Petitioner] should have "revisited" the [s]ubpoena with Rossman. Regardless, counsel had ample opportunity to object to the [s]ubpoena while he represented Raychouni, and he stated that he had no objections. And the fact that Rossman did not object to the [s]ubpoena on behalf of Kalaj and Gretz, his clients in the [a]rbitration, reinforces that the documents sought are relevant and material to the issues in the [a]rbitration.

(ECF No. 11, R&R, PageID.135-36, citing ECF No. 7, PageID.54-55 (internal record citations omitted).)

For all these reasons, Respondent's Objection No. 3 is overruled.

### 4. Objection No. 4

Respondent objects to the Magistrate Judge's determination that "Respondent should not be given another opportunity to object to any requests contained in the subpoena; instead, Respondent should be ordered to fully comply with the arbitrator's subpoena." (ECF No. 12, Resp. Obj., PageID.141-42, citing ECF No. 11, R&R, PageID.137.)

Respondent first agrees with the Magistrate Judge that any request to challenge or modify the Subpoena is most appropriately brought before the Arbitral Tribunal and not the Court. (ECF No. 12, Resp. Obj., PageID.142) (ECF No. 1-2,

18

Subpoena, PageID.10 (stating "[a]ny application by you to challenge or modify this SUMMONS in whole or in part should be addressed to the Arbitral Tribunal in writing, with copies to counsel for the parties[.]").) Respondent contends, however, that it has not been afforded such an opportunity because Petitioner sought enforcement of the Subpoena in this Court before Respondent contends it was served with the Subpoena. (*Id.* PageID.141-42.)

This Objection fails as the Court has found that Respondent was properly served with the Subpoena on November 10, 2023. Respondent could have asserted objections to the Arbitrator at that time but did not. Respondent in fact has never asserted objections to the Arbitrator or this Court and instead has ignored the Subpoena. The Magistrate Judge properly found that Respondent has waived the right to assert any objections to the Subpoena that it should have asserted months ago. Accordingly, Respondent's Objection No. 4 is overruled.

### 5.  Objection No. 5

Respondent finally objects to the Magistrate Judge's recommendation that the Petition to Enforce the Subpoena be granted and that "the district court should order Respondent to fully comply with the arbitrator's subpoena within seven (7) days of the adoption of this Report and Recommendation." (ECF No. 12, Resp. Obj., PageID.143, citing ECF No. 11, R&R, PageID.137.) Respondent again contends that it has not been properly served with the Subpoena and that it is entitled to an

evidentiary hearing to determine the status of service. Respondent further asserts that "the majority of records sought by the Subpoena have already been delivered to Petitioner" and thus the Petition is "largely moot." Respondent argues that it should be afforded an opportunity to present substantive objections to the Subpoena to the Arbitrator. This Objection is essentially a restatement of Respondent's prior Objections.

However, as the Court has already found, *supra*, the Subpoena was properly served on Respondent on November 10, 2023. And contrary to Respondent's assertion that "the majority of records sought by the Subpoena have already been delivered to Petitioner," Respondent has in fact failed to produce any responsive documents and instead contends that it "is not in possession or control of any such [responsive] documents." (ECF No. 14-1, Williamson 3/25/24 Letter, PageID.161-62.) The Petition therefore is not moot. Further, Respondent has waived the right to assert any objections to the Subpoena.

Accordingly, Respondent's Objection No. 5 is overruled.

**B. Respondent's Notice of Supplemental Authority**

On April 12, 2024, over a week after Respondent's Objections to Magistrate Judge Altman's Report and Recommendation had been fully briefed, Respondent submitted a Notice of Supplemental Authority, submitting a March 8, 2024 report and recommendation by another Magistrate Judge in a different case in this District,

but related to the same arbitration proceedings. (ECF No. 15, Resp. Notice, citing *American Income Life Insurance Co. v. FFL Onyx, LLC*, Case No. 23-mc-51767-TGB-APP (E.D. Mar. 8, 2024) at ECF No. 15-2.) Respondent asserts that the magistrate judge in the *FFL Onyx, LLC* case denied the petition to enforce the subpoena on the grounds that 9 U.S.C. § 7 does not permit a District Court to compel the production of documents by a third party in the discovery phase of an arbitration, but only to compel the attendance of a person before the arbitrator. Respondent argues that this Court "should not adopt the R&R [in this case] for three reasons beyond those set forth in the Objections." (*Id.* PageID.164.) Respondent argues that this Court should not adopt Magistrate Judge Altman's R&R because (1) it would be contrary to the holding in the *FFL Onyx, LLC* case and beyond the relief afforded by 9 U.S.C. § 7; (2) it would produce inconsistent results within the same arbitration; and (3) it would expose Respondent to potential civil liability pursuant to confidentiality agreements.

Petitioner filed a Response in opposition to Respondent's Notice of Supplemental Authority. (ECF No. 16, Pet. Resp.) Petitioner argues that the Court should reject the Respondent's Notice because it is not "supplemental authority" to any argument before the Court, but rather raises untimely new objections to Magistrate Judge Altman's R&R and asserts new arguments not made before to the Magistrate Judge or this Court. Petitioner further asserts that a magistrate judge's

determination in a different matter is not binding on this Court, and that courts within the Sixth Circuit have enforced discovery subpoenas issued by arbitrators, as in this case.

The Court agrees with Petitioner that Respondent's Notice of Supplemental Authority presents entirely new arguments that were not presented to the Magistrate Judge, and in fact new arguments that were not raised in Respondent's Objections to the R&R. Those new arguments therefore will not be considered by this Court when addressing Respondent's Objections to the R&R. The Sixth Circuit Court of Appeals has routinely found that claims raised for the first time to a district court in objections to a magistrate judge's report and recommendation are not properly before a district court. *See AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited.") (emphasis added, citation omitted); *Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018) ("But [the plaintiff] did not raise this claim in his petition; rather, he presented it for the first time in his objections to the magistrate judge's report and recommendation. He therefore has waived review of this claim." (citation omitted)); *Lindsay v. Bradshaw*, No. 16-3298, 2017 WL 4417877, at *2 (6th Cir. July 18, 2017) ("[T]o the extent that Lindsay argued about his absence during certain court proceedings, that claim was raised for the first time in his objections and was not

properly before the district court."); *Hogston v. Comm'r of Soc. Sec.*, No. 16-1475, 2016 WL 9447154, at *3 (6th Cir. Dec. 29, 2016) ("The district court properly determined that Hogston had presented the issue regarding the 2009 MRI for the first time in his objections to the magistrate judge's report and therefore had waived this claim."); *Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) ("Although [plaintiff] later requested [a certain damages amount], this request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration."); *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding the district court properly found plaintiff waived an argument asserted for first time in his objections to the magistrate judge's report).

Numerous district courts within the Sixth Circuit, including this Court, have held the same. *See, e.g., Tillman v. Danielle Alfred P.A.*, No. 20-cv-12196, 2022 WL 2764938, at *4 (E.D. Mich. July 15, 2022) (Borman, J.) ("[I]ssues raised for the first time in objections to a report and recommendation are deemed waived."); *Cain v. Rinehart*, No. 19-cv-11278, 2021 WL 4504220, at *7 (E.D. Mich. Oct. 1, 2021) (declining to consider arguments that plaintiff failed to first present to the magistrate judge), *aff'd*, No. 22-1893, 2023 WL 6439438 (6th Cir. July 25, 2023); *United States v. Hayes*, 458 F. Supp. 3d 857, 869 (E.D. Tenn. 2020) ("agree[ing] with the

reasoning of other courts that allowing a party to raise an argument for the first time in an objection to an R&R 'defeats the purpose of the R&R process and frustrates judicial efficiency.'") (quoting *United States v. Evans*, No. CR 13-22-DLB-1, 2019 WL 1077371, at *4-5 (E.D. Ky. Mar. 7, 2019)); *Stankoski v. Comm'r of Soc. Sec.*, No. 2:11-CV-00627, 2012 WL 3780333, at *3 (S.D. Ohio Aug. 31, 2012) ("A party may not raise new matters in Objections that she did not first raise within initial briefing."), *aff'd sub nom. Stankoski v. Astrue*, 532 F. App'x 614 (6th Cir. 2013).

Thus, "[i]t is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court." *Childress v. Michalke*, No. 10-cv-11008, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (internal citation and quotation marks omitted), *motion for relief from judgment denied*, 2014 WL 5481437 (E.D. Mich. Oct. 29, 2014).

Moreover, a "supplemental brief" may not raise arguments for the first time which could have been timely raised before the close of briefing or which are outside the scope of the issue to be addressed. *See Valent v. Comm'r of Soc. Sec.*, 918 F.3d 516, 524 (6th Cir. 2019) (stating courts will not consider arguments that are raised for the first time in supplemental briefs if they are outside of the scope of the issue

24

the Court asked the parties to address in the supplemental brief); *Trustees of the Painters, Union Deposit Fund v. G & T Com. Coatings, Inc.*, No. 13-13261, 2014 WL 2743340, at *2-3 (E.D. Mich. June 17, 2014) (rejecting interpretation of a fringe benefit clause that was raised for the first time in a supplemental brief, because this was "far beyond the appropriate time to assert a new argument") (citing *4th Leaf, LLC v. City of Grayson*, 425 F. Supp. 3d 810, 826 (E.D. Ky. 2019)); *United American Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 747 (E.D. Mich. 2014) (refusing to consider argument that the forum selection clause was begotten under fraudulent circumstances made for first time in a supplemental brief).

Respondent's failure to raise the arguments it makes in its Notice of Supplemental Authority before Magistrate Judge Altman constitutes a waiver of those arguments. The Court therefore rejects Respondent's Notice of Supplemental Authority because it inappropriately and untimely raises new arguments not made before the Magistrate Judge or this Court.[1]

---

[1] The Court further notes that, even if Respondent had properly asserted this argument, the issue of whether this Court may enforce an arbitrator's subpoena for documents is unsettled in the Sixth Circuit. *See, e.g., Peacock v. First Order Pizza*, No. 22-cv-02315, 2022 WL 17475791, at *8 & n.5 (W.D. Tenn. Dec. 5, 2022) (citing cases upholding a subpoena to a non-party for pre-hearing documents). Further, this Court is not bound to follow the decisions of other district courts. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], pp. 134-26 (3d ed. 2011)).

## IV. CONCLUSION

For the reasons set forth above, the Court:

**(1)** **ADOPTS** Magistrate Judge Altman's March 11, 2024 Report and Recommendation (ECF No. 11);

**(2)** **OVERRULES** Respondent MR Financial Group, LLC's Objections (ECF No. 12); and

**(3)** **GRANTS** Petitioner American Income Life Insurance Company's Petition to Enforce Compliance with AAA Subpoena (ECF No. 1).

Respondent MR Financial Group, LLC is **ORDERED** to comply with the Arbitrator's Subpoena **within seven (7) days** of this Order.

IT IS SO ORDERED.

Dated: May 28, 2024                          s/ Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge

26